MHN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA YONTS, | ) | |
| | ) | Case No. 03 C 3420 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | Magistrate Judge Arlander Keys |
| Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Patricia Yonts applied for survivor's benefits as a disabled adult child on December 11, 2000, after her mother died. At that time, Ms. Yonts was almost 43 years old. The Social Security Administration denied her application initially on December 19, 2000 and the decision was affirmed on January 17, 2001. Later that year, Ms. Yonts requested a hearing before an Administrative Law Judge (ALJ), which was held on December 7, 2001. The ALJ issued her decision on February 21, 2002, finding that Ms. Yonts was not entitled to benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review on March 26, 2003. Subsequently, Ms. Yonts filed suit in the United States District Court, seeking review of the decision to deny her benefits. The parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to this Court on September 9, 2003.

In this Court, Ms. Yonts was represented by Frederick J. Daley, Jr. and his law firm, Daley, DeBofsky & Bryant. Based upon briefs written by Mr. Daley and his firm, on May 4, 2004, this Court issued a decision granting summary judgment in favor of Ms. Yonts and remanding her case to the Commissioner for further proceedings. Shortly after Mr. Daley obtained a favorable result for Ms. Yonts in this court, she fired him. Back in the social security administration, Ms. Yonts obtained new counsel, whom she also fired in short order. Ultimately, she appeared *pro se* before the Appeals Council, where she was awarded $60,777.05 in past-due benefits.

Mr. Daley now petitions this Court for approval of an award of attorneys fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b). Specifically, Mr. Daley argues that he should be entitled to 25% of the past due benefits awarded to Ms. Yonts, which would total $15,194.26. Mr. Daley acknowledges that he has already received attorneys' fees in the amount of $3,800; this amount was awarded, by stipulation, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Thus, after deducting the amount of the EAJA award, Mr. Daley requests attorneys' fees in the amount of $11,394.26, to be paid from Ms. Yonts' past-due benefits.

The relevant fee statute, 42 U.S.C. § 406, "deals with the

administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). These two provisions "establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Id.* at 794-795. The statute instructs that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Payment is to be made "out of, and not in addition to, the amount of such past-due benefits." *Id.* "Attorneys who represent claimants in social security proceedings thus are permitted to seek recovery under both the EAJA and the SSA and to keep the larger fee so long as the smaller fee for the 'same work' is refunded to the claimant." *Kopulos v. Barnhart*, 318 F. Supp.2d 657, 663-664 (N.D. Ill. 2004)(citing H.R.Rep. No. 99-120(I), at 20, reprinted in 1985 U.S.C.C.A.N. 132, 149).

At the outset, the Court notes that, although Mr. Daley has represented to the Court that he and Ms. Yonts had a contingency

fee arrangement, he admits that he is unable to provide the Court with a copy of the executed contingency fee agreement. As an initial matter, the Court must ask whether that matters – is Mr. Daley entitled to what amounts to a contingent fee award, given that he has not produced a signed contingency-fee agreement? Although there is some question as to whether Ms. Yonts signed the agreement, which called for a contingency fee payment of 25% of any past-due benefits awarded, it is clear that Mr. Daley and Ms. Yonts discussed this type of fee arrangement and that Mr. Daley accepted the case on this basis. *See* Petition for Attorney Fee Pursuant to §206(b)(1), ¶7. Indeed, the government, which acts as Ms. Yonts' trustee in these proceedings, has not challenged Mr. Daley's entitlement to fees; it merely asked that the award be limited to what is reasonable. *See* Defendant's Response to Petition for Attorney Fee Pursuant to § 206(b)(1).

More importantly, the statute does not require that Mr. Daley produce a signed contingency fee agreement before he can recover fees under the statute. Section 406(a), which governs the fees for representation in the administrative proceedings, requires that "an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim [must be] presented in writing to the Commissioner of Social

4

Security prior to the time of the Commissioner's determination regarding the claim." 42 U.S.C. § 406(a)(2)(A)(I). In contrast, section 406(b), which governs attorneys' fee awards for services provided in the district court, contains no such provision. Thus, the fact that Mr. Daley cannot produce a signed contingency-fee agreement is really immaterial.

Having said that, it is true that a signed contingency fee agreement can be useful in determining what percentage of the award should go to the attorney. *See Gisbrecht*, 535 U.S. at 807 (contingency fee agreements are the "primary means by which fees are set for successfully representing Social Security benefits claimants in court."). Here, the agreement – whether or not it was ultimately signed by Ms. Yonts – called for an award of fees in an amount equal to 25% of any award of past-due benefits. This is consistent with what section 406(b) would allow. And, to be sure, if Mr. Daley could show that Ms. Yonts signed the contingency fee agreement he prepared for her, the Court would award him 25% of the benefit award (less the EAJA award). *See, e.g., McGuire v. Sullivan*, 873 F.2d 974, 979, 981 (7th Cir. 1989) (a court should "defer to the parties' intentions where reasonable; the "contingency percentage . . . is negotiated privately between the attorney and the claimant" and the "percentage of the award agreed to by the parties should take

5

account of the risk, as well as the ability of the attorney and the estimated hours of legal work that the claim will require."). Because the record is somewhat unclear as to whether Ms. Yonts agreed to the 25%, the Court is unwilling to award that amount without first making an independent assessment of reasonableness, which requires the Court to consider "the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808.

In assessing reasonableness in this context, the Court must be mindful that, "[w]ithout the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation." *McGuire*, 873 F.2d at 980. Thus, to the extent a fee award of $15,194.26 for 35.5 hours of attorney time seems a little high, the Court finds that it is reasonable, considering the relative risk of non-payment Mr. Daley accepts upon pursuing these Social Security matters. As a policy matter, the Court believes that fully compensating attorneys who undertake Social Security cases will result in a greater number of claimants rightfully receiving benefits that they were otherwise denied.

Additionally, there is no question that, but for the results achieved by Mr. Daley, Ms. Yonts would not have received any

benefits. Ms. Yonts' application for benefits was denied by the ALJ and the Appeals Council denied a review of her claim, making the decision final. Yet, with Mr. Daley representing her in this Court, she prevailed on summary judgment and won a remand of her case for further administrative proceedings. Had he not done so, the Commissioner would not have reopened her case, and she would not have been awarded any benefits. Accordingly, the Court will award counsel fees as requested.

## Conclusion

For the reasons set forth above, the Court grants the petition for attorney's fees filed by Mr. Daley and awards fees under the Social Security Act in the amount of $11,394.26. This award is to be paid directly to Mr. Daley and Daley, DeBofsky & Bryant.

Dated: December 11, 2007

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge